Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Terese Tywaren Carstarphen, Sr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Jacqueline Latara Peake-Haggen** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: 24-63258-jwc
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1, 3.1, 3.5, 4.4, 5.1

T.C    JLPH

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | Terese Tywaren Carstarphen, Sr. | Case number | |
|---|---|---|---|
| | Jacqueline Latara Peake-Haggen | | |

*Check one:*   ☑ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,375.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
| **January 2, 2028** | $**1,704.00** per **month** | **Completion of 401(k) loan repayment** |
| | | |

§ 2.2   **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3   **Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years **2024, 2025, 2026**, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

§ 2.4   **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5   **[Intentionally omitted.]**

§ 2.6   **Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |
|---|---|

| Debtor | **Terese Tywaren Carstarphen, Sr.** | Case number | |
|---|---|---|---|
| | **Jacqueline Latara Peake-Haggen** | | |

§ 3.1    Maintenance of payments and cure of default, if any.

*Check one.*

☐    None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced*.

☑    Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **LS Management & Associates** | **3427 Baylor Cir McDonough, GA 30253  Henry County** | $1,**000.00** | **0.00**% | $5**0.00 per month.** |
| **New American Funding** | **3427 Baylor Cir McDonough, GA 30253  Henry County** | $1,**897.00** | **0.00**% | **Claim shall be paid in full prior to disbursement of any attorneys fees** |
| **US Dept of HUD** | **3427 Baylor Cir McDonough, GA 30253  Henry County** | $**0.00** | **0.00**% | $**0.00** |
| **US Dept of HUD** | **3427 Baylor Cir McDonough, GA 30253  Henry County** | $**0.00** | **0.00**% | $**0.00** |

§ 3.2    Request for valuation of security and modification of certain undersecured claims.

☑    None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced*.

§ 3.3    Secured claims to be paid in full.

*Check one.*

☐    None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced*.

☑    The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

| Debtor | **Terese Tywaren Carstarphen, Sr.** | Case number | |
| | **Jacqueline Latara Peake-Haggen** | | |

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **Chrysler Capital** | **2020 Dodge Durango R/T 70,000 miles** | **09-09-2020** | $**23,178.00** | **9.50**% | $**240.00** | $240 per month. Beginning August 2025, plan payment shall be $598 per month. |
| **Freedom Road Financial** | **2024 Yamaha YFZ 450 Yamaha ATV 4 Wheeler** | **01-02-2024** | $**6,831.00** | **9.50**% | $**50.00** | $50 per month. Beginning August 2025, plan payment shall be $175 per month. |
| **Navy Federal Credit Union** | **2015 Hyundai Sonata** | **08-24-2023** | $**6,191.00** | **9.50**% | $**50.00** | $50 per month. Beginning August 2025, plan payment shall be $175 per month. |

§ 3.4    **Lien avoidance**.

*Check one.*

☑    None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced*.

§ 3.5    **Surrender of collateral.**



*Check one.*

☐    None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced*.
☑    The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Navy Federal Credit Union | 2022 Kia Stinger GT1 50,000 miles |
| Navy Federal Credit Union | Secured Credit Card |
| Sync/Rooms to go | HHG |

§ 3.6    Other Allowed Secured Claims.

| Debtor | **Terese Tywaren Carstarphen, Sr.** | Case number | |
|---|---|---|---|
| | **Jacqueline Latara Peake-Haggen** | | |

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.00__%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__5,000.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__998.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

Case 24-63258-jwc    Doc 28    Filed 06/03/25    Entered 06/03/25 14:27:48    Desc Main
Document      Page 6 of 12

| Debtor | **Terese Tywaren Carstarphen, Sr.** | Case number | |
| | **Jacqueline Latara Peake-Haggen** | | |

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | $**1,519.00** |

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**§ 5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $ **29,346** and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3** **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**§ 6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

| Debtor | **Terese Tywaren Carstarphen, Sr.** | Case number | |
|---|---|---|---|
| | **Jacqueline Latara Peake-Haggen** | | |

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**§ 8.1** **Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

**DEBT OWED TO BRIDGECREST FINANCIAL ON THE 2015 CHEVROLET MALIBU SHALL BE PAID IN FULL AT THE CONTRACT RATE OF INTEREST DIRECTLY BY THE CO-DEBTOR AND SHALL NOT BE TREATED IN THE CHAPTER 13 PLAN.**

| Part 9: | **Signatures:** |
|---|---|

**§ 9.1** **Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

| X | /s/ Terese Tywaren Carstarphen, Sr. | | X | /s/ Jacqueline Latara Peake-Haggen | |
|---|---|---|---|---|---|
| | Terese Tywaren Carstarphen, Sr. | boxSIGN  1RX86XQL-1356Z2WQ | | Jacqueline Latara Peake-Haggen | boxSIGN  1X392ZL8-1356Z2WQ |
| | Signature of debtor 1 executed on | **June 3, 2025** | | Signature of debtor 2 executed on | **June 3, 2025** |

| **3427 Baylor Cir** | | **3427 Baylor Cir** | |
|---|---|---|---|
| **McDonough, GA 30253** | | **McDonough, GA 30253** | |
| Address | City, State, ZIP code | Address | City, State, ZIP code |

Date: **June 3, 2025**

| X | **/s/ Jeffrey B. Kelly** |
|---|---|
| | **Jeffrey B. Kelly 412798** |
| | Signature of attorney for debtor(s) |

| **Law Office of Jeffrey B. Kelly, P.C.** | | **107 E. 5th Avenue** | |
|---|---|---|---|
| | | **Rome, GA 30161** | |
| Firm | | Address | City, State, ZIP code |

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| TERESE TYWAREN CARSTARPHEN, SR., ) | CHAPTER 13 |
| JACQUELINE LATARA PEAKE-HAGGEN, ) | |
| ) | CASE NO. 24-63258-JWC |
| DEBTORS, ) | |
| ) | JUDGE CAVENDER |

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2025 I electronically filed the Amended Plan with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Ave Ste 120
Atlanta, GA 30303

Terese Carstarphen, Sr. and Jacqueline
Peak-Haggen
3427 Baylor Cir
McDonough GA 30253

L New American Funding, LLC
Control # 07026804
14511 Myford Rd., Ste 100
Tustin, CA 92780

Register Agent Solutions, Inc.
Register Agent for New American
Funding, LLC
900 Old Roswell Lakes Pkwy, Ste 310
Roswell, GA 30076

Padgett Law Group
Attn: Christopher Giacinto, Authorized
Agent for New American Funding, LLC
6267 Old Water Oak Road, Suite 203
Tallahassee FL, 32312

Navy Federal Credit Union
Charter # 5536
Attn: Dietrich Kuhlmann, CEO
820 Follin Ln SE
Vienna, VA 22180
(via certified mail)

Navy Federal Credit Union
Attn: Jessica Arestad, Bankruptcy
Specialist
PO Box 3000
Merrifield, VA 22119

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7317
Philadelphia, PA 19101

Internal Revenue Service
Attn: C. Rakes, Sup Bankruptcy
Specialist
401 W Peachtree St. NW
Room 900 M/S 334-D
Atlanta, GA 30308

*All creditors on attached matrix*

This 3rd day of June, 2025

/s/ Jeffrey B. Kelly
Jeffrey B. Kelly, Esq.
Attorney for Debtor
Bar No. 412798
107 E. 5th Avenue
Rome, GA  30161
Phone: (678) 861-1127
Fax : (706) 413-1365
lawoffice@kellycanhelp.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 24-63258-jwc<br>Northern District of Georgia<br>Atlanta<br>Tue Jun  3 09:59:42 EDT 2025 | ADS/Comenity/Victoria<br>PO Box 182789<br>Columbus, OH 43218-2789 | (p)AVA FINANCE<br>30211 AVENIDA DE LAS BANDERAS<br>RANCHO SANTA MARGARITA CA 92688-2147 |
| Avant LLC/Web Bank<br>222 W Merchandise Mart Plz 900<br>Chicago, IL 60654-1105 | Bridgecrest<br>7300 E Hampton Ave STE 100<br>Mesa, AZ 85209-3324 | Capital One Bank USA NA<br>10700 Capital One Way<br>Glen Allen, VA 23060-9243 |
| Capital One/Walmart<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 | Terese Tywaren Carstarphen Sr.<br>3427 Baylor Cir<br>McDonough, GA 30253-6158 | Citi Cards/ Citibank<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 |
| Credit One Bank<br>PO Box 98872<br>Las Vegas, NV 89193-8872 | (p)EQUIFAX  INC<br>1550 Peachtree Street NE<br>Atlanta, GA 30309 | Experian<br>PO Box 9701<br>Allen, TX 75013-9701 |
| Fleetcor Technologies, Inc<br>C/O LCS Financial Services Corporation<br>6782 S. Potomac St # 100<br>Centennial, CO 80112-8000 | Freedom Road Financial<br>10605 Double R Blvd<br>Reno, NV 89521-8920 | FreedomRoad Financial<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>BANKRUPTCY<br>2595 CENTURY PKWY NE SUITE 339<br>ATLANTA GA 30345-3173 | (p)GROW CREDIT INC<br>PO BOX 10237<br>MARINA DEL REY CA 90295-6237 | INPHYNET PRIMARY CARE PHYSICIANS - SE PC<br>PO BOX 1123<br>MINNEAPOLIS, MN 55440-1123 |
| INPHYNET PRMRY CARE PHY SE, PC<br>c/o Wakefield & Associates, LLC<br>Po Box 58<br>Fort Morgan, CO 80701-0058 | Inphynet Primary Care Phy SE P<br>2122 Manchester Expy<br>Columbus, GA 31904-6878 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Jeffrey Branan Kelly<br>Law Office of Jeffrey B. Kelly, P.C.<br>107 E. 5th Avenue<br>Rome, GA 30161-1725 | Kohls/Capone<br>P.O. Box 3115<br>Milwaukee, WI 53201-3115 |
| LS Management & Associates<br>PO Box 1550<br>Commerce, GA 30529-0030 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC   29603-0587 | Latonya Smith<br>10631 Whitehill St<br>Detroit, MI 48224-2452 |
| MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Merrick Bank Corporation<br>P.O. Box 9201<br>Old Bethpage, NY 11804-9001 | (p)MCCALLA RAYMER LEIBERT PIERCE  LLC<br>ATTN ATTN WENDY REISS<br>1544 OLD ALABAMA ROAD<br>ROSWELL GA 30076-2102 |

| | | |
|---|---|---|
| Navy Federal CR Union<br>820 Follin Ln SE<br>Vienna, VA 22180-4907 | Navy Federal Credit Union<br>820 Follin Ln SE<br>Vienna, VA 22180-4907 | Navy Federal Credit Union<br>P.O. BOX 3000<br>MERRIFIELD, VA 22119-3000 |
| (p)NEW AMERICAN FUNDING<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 170581<br>AUSTIN TX 78717-0031 | New American Funding, LLC<br>8201 North FM 620 Suite 120<br>Austin TX 78726-4075 | OneMain<br>PO Box 499<br>Hanover, MD 21076-0499 |
| OneMain Financial Group, LLC<br>PO Box 3251<br>Evansville, IN 47731-3251 | Jacqueline Latara Peake-Haggen<br>3427 Baylor Cir<br>McDonough, GA 30253-6158 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Quantum3 Group LLC as agent for<br>Galaxy International Purchasing LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | SYNCB/Care Credit<br>PO Box 965036<br>Orlando, FL 32896-5036 |
| Santander Consumer USA Inc., an Illinois<br>corporation d/b/a Chrysler Capital<br>PO Box 961275<br>Fort Worth, TX 76161-0275 | Sprint<br>P.O. Box 4181<br>Carol Stream, IL 60197-4181 | Sync/Rooms to go<br>PO BOX 71727<br>Philadelphia, PA 19176-1727 |
| Syncb/Amazon<br>PO Box 965013<br>Orlando, FL 32896-5013 | Syncb/PPMC<br>PO Box 965005<br>Orlando, FL 32896-5005 | T-Mobile<br>15 Union St<br>Lawrence, MA 01840-1866 |
| Trans Union<br>PO Box 1000<br>Chester, PA 19016-1000 | Transworld System Inc<br>2235 Mercury Way<br>Santa Rosa, CA 95407-5473 | (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>ATTN ROBERT ZAYAC<br>40 MARIETTA ST SUITE 300<br>ATLANTA GA 30303-2812 |
| United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Verizon<br>by AIS InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Verizon Wireless<br>3 Verizon Plaza<br>Alpharetta, GA 30004-8510 |
| WFBNA Card<br>PO Box 393<br>Minneapolis, MN 55480-0393 | Wakefield & Associates I<br>7005 Middlebrook Pike<br>Knoxville, TN 37909-1156 | Nancy J. Whaley<br>Standing Chapter 13 Trustee<br>Suite 120, Truist Plaza Garden Offices<br>303 Peachtree Center Avenue<br>Atlanta, GA 30303-1286 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ava Finance Inc                          Equifax                                  Georgia Department of Revenue
30211 Avenida De Las Banderas            PO Box 740241                            Bankruptcy Section
Rancho Santa Margarit, CA 92688          Atlanta, GA 30374-0241                   PO Box 161108
                                                                                  Atlanta, GA 30321-1108



Grow Credit Inc                          Jefferson Capital Systems                (d)Jefferson Capital Systems LLC
1447 2nd St Ste 200                      16 McLeland Road                         Po Box 7999
Santa Monica, CA 90401                   Saint Cloud, MN 56303                    Saint Cloud MN 56302-9617



Ciro A. Mestres                          New American Funding                     (d)Elizabeth H. Parrott
McCalla Raymer Leibert Pierce, LLC       11001 Lakeline Blvd                      McCalla Raymer Leibert Pierce
1544 Old Alabama Road                    Bldg 1, Suite 325                        1544 Old Alabama Rd
Roswell, GA 30076                        Austin, TX 78717                         Roswell, GA 30076



U.S. Department of Housing and Urban Develop    (d)US Dept of HUD
601 West Broadway Room 110               Five Points Plaza Bldg
Louisville, KY 40202                     40 Marietta St
                                         Atlanta, GA 30303




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Navy Federal Credit Union             (u)New American Funding, LLC             End of Label Matrix
PO Box 3000                                                                       Mailable recipients    56
Merrifield, VA 22119-3000                                                         Bypassed recipients     2
                                                                                  Total                  58
```